UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO A. OSEJO,<br><br>    Plaintiff,<br><br>    v.<br><br>HURTADO, et al.,<br><br>    Defendants. | No.  1:21-cv-01178-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 21) |

Plaintiff Sergio A. Osejo is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 9, 2021, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's application to proceed *in forma pauperis* be denied and that plaintiff be required to pay the $402.00 filing fee in full to proceed with this action.  (Doc. No. 11.)  The findings and recommendations were served on plaintiff and contained notice that objections thereto were to be filed within twenty-one (21) days after service.  (*Id.*)  After no timely objections were filed, this court adopted the findings and recommendations on November 12, 2021.  (Doc. No. 15.)  Then, on December 6, 2021, plaintiff filed a notice with the court stating that his objections to the findings and recommendations had been lost in the mail.  (Doc. No. 16.)  In response, the court granted plaintiff 45 days in which to file a motion for

1

reconsideration of the court's November 12, 2021 order. (Doc. No. 17.) On January 24, 2022, plaintiff filed his motion for reconsideration. (Doc. No. 21.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Plaintiff's motion appears to address his ongoing concerns about the court not receiving his mail, but the court's order adopting the findings and recommendations dealt with plaintiff's application to proceed *in forma pauperis* being denied and ordered plaintiff to pay the required

2

filing fee of $402.00 in order to proceed with this action. (Doc. No. 15 at 1–2.) To the extent plaintiff seeks redress due to the loss of any mail sent to the court, that argument is irrelevant to his previous application to proceed *in forma pauperis* and plaintiff has failed to indicate otherwise in his motion for reconsideration. Plaintiff has presented no basis under Rule 60 upon which this court should reconsider its prior order denying plaintiff's application. Therefore, plaintiff's motion for reconsideration (Doc. No. 21) will be denied.[1]

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 21) is denied;
2. Plaintiff is ordered to pay the required filing fee of $402.00 in full within thirty (30) days; and
3. Failure to pay the filing fee within the allotted time will result in dismissal of this action.

IT IS SO ORDERED.

Dated: **February 7, 2022**

_____
UNITED STATES DISTRICT JUDGE

---

[1] On January 24, 2022, plaintiff also filed a motion for injunctive relief, seeking permission to e-file his filings. (Doc. No. 22.) The assigned magistrate judge has previously denied plaintiff's request for permission to e-file (Doc. Nos. 19, 20) because the Eastern District of California "does not currently have a system to allow incarcerated individuals to make all filings in a case via e-filing instead of via mail." (Doc. No. 20 at 1.) Accordingly, plaintiff's motion for permission to e-file (Doc. No. 22) is once again denied.